IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

KELLY ECKARD,                        )
                                     )
         Plaintiff,                  )    TC-MD 250424N
                                     )
    v.                               )
                                     )
DOUGLAS COUNTY ASSESSOR,             )
                                     )
         Defendant.                  )    **DECISION**

Plaintiff appealed Defendant's disqualification from forestland special assessment of 4.01 acres of property identified as accounts R41101 and R147107 (subject property) for the 2025-26 tax year. (Compl at 2.) Plaintiff does not dispute the disqualification, only the imposition of additional tax calculated for the preceding five years. (*Id.* at 1, 3.) Defendant filed a Motion for Summary Judgment (Motion) on October 28, 2025. Plaintiff agreed to file a response to the Motion by December 8, 2025, but did not do so. (Or Set Sched at 1.) As of the date of this Decision, the court has received no response from Plaintiff.

I. STATEMENT OF FACTS

Plaintiff has owned and lived on the subject property for over 20 years. (Compl at 3.) The prior owner of the subject property applied for and received forestland special assessment. (*Id.*; *see also* Or Set Sched at 1 (parties agree prior owner rather than Plaintiff applied for special assessment).) Plaintiff received property tax statements for the subject property each year and paid the tax due. (Or Set Sched at 1.) The tax statements indicated a potential additional tax liability. (O'Connor Aff in Support of Def's Mot at 3, Ex C.) Nevertheless, Plaintiff was unaware of the special assessment. (Or Set Sched at 1.)

/ / /

In December 2025, Defendant's Farm-Forest appraiser Judy O'Connor discovered that the subject property no longer qualified as forestland and determined that it should be disqualified from special assessment. (O'Connor Aff at 1.) O'Connor mailed the disqualification notice to Plaintiff in April 2025. (*Id.* at 2.) Plaintiff called Defendant in May 2025 and spoke to O'Connor. (*Id.*) In that call, Plaintiff declined to plant trees to requalify the subject property or to roll the subject property over to another special assessment. (*Id.*)

Plaintiff then appealed the disqualification to this court, objecting to the additional tax imposed for disqualification because he "did not sign up" for the special assessment and never knew the subject property received it. (Compl at 3; Or Set Sched at 1.)

## II. ANALYSIS

The issue before the court is whether Defendant correctly imposed additional tax on the subject property due to its disqualification from forestland special assessment given Plaintiff did not personally apply for—and was unaware the subject property received—special assessment. The court will grant summary judgment when there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. Tax Court Rule – Magistrate Division (TCR-MD) 13 B, applying Tax Court Rule (TCR) 47 C. When ruling on a motion for summary judgment, the court views facts in a manner most favorable to the adverse party, which is Plaintiff in this case. TCR 47 C.

Under ORS 321.359(1), designated forestland maintains the designation until the assessor removes the forestland designation for one of the reasons stated in statute, including discovery by the assessor that the land is no longer forestland.[1] When land is disqualified from special assessment, an additional tax is added equal to the difference between taxes assessed and taxes

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2023.

that would otherwise have been assessed. ORS 308A.703(2). The number of years for which the additional tax is calculated depends on the type of special assessment. ORS 308A.703(2). Disqualified Western Oregon forestland is taxed for the lesser of the number of consecutive years the land had qualified for the special assessment or for five years. ORS 308A.703(3)(d). Here, Defendant disqualified the subject property, based on discovery that it no longer qualified as forestland, and imposed five years of additional tax. That is consistent with Defendant's statutory obligations.

Plaintiff argues that the additional tax should not be imposed because he was not aware of the special assessment nor did he apply for it. ORS 321.362 requires the tax roll to include a notation for potential additional tax liability on designated forestland, and the subject property tax statements included such a notation. Plaintiff, therefore, received notice of the potential additional tax liability even if he did not appreciate the meaning of the notice. The additional tax is imposed on the land rather than the applicant. *See, e.g., Sarra v. Yamhill County Assessor*, TC-MD 091431B, 2010 WL 2565135 (Or Tax M Div, Jun 28, 2010) (new owners of property were responsible for additional tax following disqualification where the tax roll included the required notation of additional tax). Plaintiff's arguments are unavailing.

## III. CONCLUSION

Upon careful consideration, the court concludes that Defendant properly imposed an additional tax following disqualification of the subject property from forestland special assessment. The potential additional tax was a matter of public record, so it is immaterial that Plaintiff did not personally apply for special assessment or understand that the subject property had received special assessment. Now, therefore,

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is granted and Plaintiff's appeal is denied.

_____
ALLISON R. BOOMER
PRESIDING MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Presiding Magistrate Allison R. Boomer and entered on February 6, 2026.*